**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COACHSOURCE, LLC, | : |
| Plaintiff, | : Civil Action No. 17-5126 (ES) (SCM) |
| v. | : MEMORANDUM OPINION |
| COACHFORCE, | : |
| Defendant. | : |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court on Plaintiff CoachSource, LLC's ("Plaintiff") unopposed motion for default judgment against Defendant Coachforce ("Defendant"). (D.E. No. 11). The Court has considered Plaintiff's submissions and decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b). As explained below, the Court DENIES Plaintiff's motion because Plaintiff has not made a prima facie showing of personal jurisdiction over Defendant.

***Background.*** Plaintiff is a limited liability company organized and operated under New Jersey law, with its principal place of business in Franklin Lakes, New Jersey. (D.E. No. 1 ¶ 5). Plaintiff provides leadership coaching to a variety of businesses worldwide. (*Id.* at ¶ 8). In connection with its services, Plaintiff owns three registered United States trademarks under the CoachSource brand. (*Id.* ¶ 10). Plaintiff alleges that Defendant, an entity incorporated in Ottawa, Canada, provides coaching services through an internet website using a confusingly similar mark: Coachforce. (*Id.* ¶¶ 19-21; D.E. No. 11-2 at 2). Plaintiff alleges that Defendant's online business activities infringe its trademark rights and violate various laws related to unfair competition. (*See* D.E. No. 1 ¶¶ 35-59).

On August 16, 2017, Plaintiff personally served Defendant's director, Akhilesh Siripurapu, in Ottawa, Canada. (D.E. No. 7). Defendant failed to answer or otherwise appear before the Court. Pursuant to Federal Rule of Civil Procedure 55(a), Plaintiff requested, and the Clerk entered, Defendant's default. (*See* D.E. No. 8). Plaintiff then filed the instant motion for default judgment. (D.E. No. 11).

***Legal Standard.*** Before granting default judgment, a district court must address any jurisdictional defect. *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015) ("[W]hen a default judgment is requested, a court is required to make a threshold determination regarding any jurisdictional defects.") (citing *Bolden v. Se. Pa. Transp. Auth.*, 953 F.2d 807, 812 (3d Cir. 1991)). "If a [district] court lacks personal jurisdiction over a defendant, the court does not have jurisdiction to render a default judgment, and any such judgment will [be] deemed void." *Id.* (citing *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008)).

Where there is no evidentiary hearing, a plaintiff need only establish a prima facie case of personal jurisdiction. *Id.* at 36-37. In determining whether a plaintiff has made a prima facie showing, a district court is "required to accept the allegations in the complaint as true and to construe any disputed facts in [the plaintiff's] favor." *Fatouros v. Lambrakis*, 627 F. App'x 84, 87 (3d Cir. 2015) (citing *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009)).

Personal jurisdiction requires the defendant to "ha[ve] purposefully directed its activities toward the residents of the forum state, . . . or otherwise 'purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). A district court may "exercise

'personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the district court sits.'" *Ackourey v. Sonellas Custom Tailors*, 573 F. App'x 208, 211 (3d Cir. 2014) (quoting *Pennzoil Prods. Co. v. Colelli & Assocs., Inc.*, 149 F.3d 197, 200 (3d Cir. 1998)). New Jersey's long-arm statute permits jurisdiction over a non-resident defendant to the Constitutional due process limits. *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 145 (3d Cir. 1992).

Personal jurisdiction can be established through specific or general jurisdiction. *Bristol-Myers Squibb Co. v. Superior Court of Ca., S.F. Cty.*, 137 S. Ct. 1773, 1779-80 (2017). A district court may exercise general jurisdiction when a defendant's contacts with the forum state "are so 'continuous and systematic' as to render [it] essentially at home." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). The paradigm forums for exercising general jurisdiction over a corporation are its place of incorporation and its principal place of business. *Daimler*, 571 U.S. at 137 (citation omitted). "A [district] court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

By contrast, specific jurisdiction arises from "an affiliation between the forum and the underlying controversy," and a district court exercising specific jurisdiction "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* (quoting *Goodyear*, 564 U.S. at 919). A three-part test governs a district court's inquiry into the existence of specific jurisdiction. *O'Connor v. Sandy Lane Hotel*, 496 F.3d 312, 317 (3d Cir. 2007). For specific jurisdiction to exist, a district court must determine

that (i) the defendant "purposefully directed its activities at the forum," (ii) the litigation "arises out of or relates to at least one of those activities," and (iii) the exercise of jurisdiction would "otherwise comport with fair play and substantial justice." *Id.* (cleaned up); *see also Estate of Thompson v. Phillips*, 741 F. App'x 94, 98 (applying this three-part test post-*Bristol-Myers Squibb*).

To determine whether personal jurisdiction is present based on operating an Internet website, the Third Circuit has endorsed the standard in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997). *See Toys "R" Us, Inc. v. Step Two, S. A.*, 318 F.3d 446, 452 (3d Cir. 2003) ("The opinion in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.* . . . has become a seminal authority regarding personal jurisdiction based upon the operation of an Internet web site."). Under the *Zippo* sliding scale test, "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Zippo*, 952 F. Supp. at 1124. At one end of the spectrum are situations where a defendant clearly conducts business with forum residents through its website—for example, by "enter[ing] into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet." *Id.* In these situations, personal jurisdiction exists. *Id.* At the other end of the spectrum are situations where defendant operates a "passive" website that simply contains information accessible by users in foreign jurisdictions. *Id.* In the latter situation, personal jurisdiction does not exist. *Id.*

Between these two poles are situations where defendant operates an "interactive" website that enables users to exchange information. *Id.* Here, "the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information

that occurs on the Web site." *Id.* The exercise of personal jurisdiction may be proper where that interactivity and commercial nature reflect the defendant's "specifically intended interaction with residents of the forum state." *See Toys "R" Us*, 318 F.3d at 452. (citing *Zippo*, 952 F. Supp. At 1124). Thus, a high level of interactivity on a commercial website—by itself—does not confer specific jurisdiction. *Id.* at 454 ("[T]he mere operation of a commercially interactive website should not subject the operator to jurisdiction anywhere in the world."). "Rather, there must be evidence that the defendant 'purposefully availed' itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts." *Id.*; *see, e.g.*, *Kloth v. S. Christian Univ.*, 320 F. App'x 113, 114-17 (3d Cir. 2008) (finding no prima facie case of personal jurisdiction based on an interactive, commercial website where the plaintiff did not demonstrate the defendant's intention to engage in business with citizens of the forum state); *Mon Aimee Chocolat, Inc. v. Tushiya, LLC*, No. 14-1568, 2015 WL 2232270, at *4-6 (W.D. Pa. May 12, 2015) (finding no personal jurisdiction based on an interactive, commercial website where there was no evidence that the website generated any claim-related sales or shipments to consumers in the forum state or evidence that the website specifically targeted the forum state); *Zippo*, 952 F. Supp. at 1125-26 (finding personal jurisdiction where the defendant had sold passwords to roughly 3000 subscribers in the forum state, had entered into seven contracts related to serving customers in the forum state, and thus "ha[d] done more than create an interactive Web site").

*Analysis.* Plaintiff argues that "Defendant is subject to personal jurisdiction in New Jersey through maintenance and operation of its interactive website and social media accounts." (D.E. No. 11-2 at 3). Plaintiff argues that "Defendant has 'purposefully availed itself of

conducting activity in [New Jersey]' by encouraging and allowing New Jersey residents to interact with Defendant through its website." (*Id.* at 3-4). Plaintiff also argues applying the *Zippo* test leads one to the conclusion that Defendant's website confers personal jurisdiction in New Jersey. (*Id.* at 4).

Accepting Plaintiff's factual allegations as true and viewing those facts in a light most favorable to Plaintiff, the Court finds that Plaintiff has not made a prima facie case of personal jurisdiction. *See Fatouros*, 627 F. App'x at 87. The current record does not reflect general jurisdiction over Defendant.[1] Plaintiff does not contend that Defendant is incorporated in New Jersey. (*See* D.E. No. 11-2 at 2 (alleging that Defendant was founded and incorporated in Canada)). Nor does Plaintiff contend that Defendant has its principal place of business in New Jersey. (*See generally id.*; *see also generally* D.E. No. 1). Indeed, Plaintiff served Defendant in Canada through personal service on its Director, Akhilesh Siripurapu. (*Id.* at 3; D.E. No. 7). The screenshots of Defendant's website filed by Plaintiff and the cease-and-desist letter sent by Plaintiff's Managing Partner and CFO to Defendant contain no contact information for the Court to infer that Defendant has any connection to the United States, much less a principal place of business in New Jersey. (*See* D.E. No. 1-1, Exs. E & F). Thus, New Jersey is not one of the paradigm forums for exercising general jurisdiction over Defendant. *See Daimler*, 571 U.S. at 137. And Plaintiff does not otherwise contend that Defendant's contacts with New Jersey "are so 'continuous and systematic' as to render [it] essentially at home." *See BNSF Ry. Co.*, 137 S. Ct. at 1558; (D.E. No. 11-2). Consequently, Plaintiff has not made a prima facie case of general jurisdiction.

---

[1] Plaintiff does not specify its theory of personal jurisdiction—i.e., general or specific. (*See* D.E. 11-2 at 3-4). Although Plaintiff appears to argue only a *specific* jurisdiction theory (*see id.*), in an abundance of caution the Court addresses the lack of a prima facie case of general jurisdiction over Defendant.

Plaintiff likewise has not made a prima facie case of specific jurisdiction. In fact, Plaintiff's argument for specific jurisdiction misconstrues the relevant standard articulated in case law. Plaintiff alleges, "Defendant's sole business is the operation of a website to connect clients with coaches allowing the two to interact through Defendant['s] online portals." (*Id.* at 4). Plaintiff then argues, "Here, Defendant's website, and its business is purely interactive. *See https://coachforce.com/about-us*. Thus, Defendant's website confers personal jurisdiction under *Zippo* due to its interactive nature." (*Id.*). But the Third Circuit has flatly rejected this characterization of *Zippo*:

> The precise question raised by this case is whether the operation of a commercially interactive web site accessible in the forum state is sufficient to support specific personal jurisdiction, or whether there must be additional evidence that the defendant has "purposefully availed" itself of the privilege of engaging in activity in that state. Prior decisions indicate that such evidence *is* necessary, and that it should reflect intentional interaction with the forum state. If a defendant web site operator intentionally targets the site to the forum state, and/or knowingly conducts business with forum state residents via the site, then the "purposeful availment" requirement is satisfied. Below, we first review cases from this and other circuits that articulate this requirement.

*Toys "R" Us*, 318 F.3d at 451-52; *see also Kloth*, 320 F. App'x at 116 ("[The plaintiff] claims that [the defendant's] Web site satisfies the test in *Zippo* because it is 'interactive.' . . . However, to demonstrate a prima facie case for the exercise of personal jurisdiction, [the plaintiff] must show more than mere interactivity; she must also show that . . . [the defendant] intended to engage in business with student citizens of Delaware—the forum state."). As the Third Circuit explained, "the mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world." *Toys "R" Us*, 318 F.3d at 454. A defendant must have intentionally interacted with the forum state to satisfy the purposeful availment requirement of specific jurisdiction. *See id.* at 451-52. A plaintiff must demonstrate this

purposeful availment through evidence of Defendant "directly targeting its web site to the state, knowingly interacting with residents of the forum state via its website, or through sufficient other related contacts." *Id.* at 454.

And here, Plaintiff has not done so. There is not a single alleged fact in the Complaint or motion for default judgment that the Court could reasonably construe as evidence that Defendant targeted its website to residents in New Jersey or engaged in business with residents of New Jersey. *See Kloth*, 320 F. App'x at 116; (*see generally* D.E. Nos. 1 & 11). Based on the current record, Plaintiff has only shown that Defendant's website is "available to potential customers nationwide." *See Mon Aimee Chocolate*, 2015 WL 2232270, at *5. This showing falls well below the Constitutional requirements for this Court to exercise jurisdiction. *See Kloth*, 320 F. App'x at 116; *Toys "R" Us*, 318 F.3d at 454.

In sum, Plaintiff needed to show that Defendant targeted its website to New Jersey residents, knowingly interacted with New Jersey residents, or had other sufficient related contacts with New Jersey. *See Toys "R" Us*, 318 F.3d at 454. Because Plaintiff has failed to make this necessary showing, Plaintiff has not made a prima facie case of personal jurisdiction over Defendant, and the Court cannot consider the requested relief.

***Conclusion.*** For the reasons above, Plaintiff's motion is DENIED. To the extent that Plaintiff can cure the deficiencies identified in this Memorandum Opinion, Plaintiff may file another motion for default judgment. If Plaintiff chooses to do so, the Court will schedule an evidentiary hearing where Plaintiff will be required to "prov[e] that the [C]ourt has personal jurisdiction over [Defendant] by a preponderance of the evidence." *See Allaham v. Naddaf*, 635 F. App'x at 37.

An appropriate Order accompanies this Memorandum Opinion.

> *s/Esther Salas*
> **Esther Salas, U.S.D.J.**